# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5200

_____

GLOBAL HOOKAH DISTRIBUTORS,
INC.,

    Appellant,

    v.

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION,
DIVISION OF ALCOHOLIC
BEVERAGES AND TOBACCO,

    Appellee.

_____

On appeal from a Final Order of the State of Florida, Division of Administrative Hearings.
R. Bruce McKibben, Administrative Law Judge.

May 3, 2018


PER CURIAM.

Global Hookah Distributors, Inc., appeals from a final order of the Florida Department of Business and Professional Regulation, which adopted an administrative law judge's recommended order addressing wholesale tax assessments on what are called "other tobacco products," or "OTP." The order denied relief on Global Hookah's challenge to the Department's policy statement concerning the use of a "best available information" process as applied to OTP, which is not challenged on appeal. Global Hookah, however, challenges its alternative

claim, which is that the Department's inclusion of federal excise taxes, shipping costs, and other related items was an unpromulgated rule for which they are entitled to relief. The administrative law judge refused to consider this claim, effectively ruling against Global Hookah, despite the fact the claim had been successful in a parallel case before the same administrative law judge. *See Fla. Dep't of Bus. & Prof'l Reg. v. Fla. Bee Distribution, Inc.*, 205 So. 3d 593 (Fla. 1st DCA 2016) (per curiam affirmance in favor of Florida Bee).

Global Hookah claims it has the right to assert a *Florida Bee* theory as well; it says that the refusal to hear its claim—because a stay had been entered in *Florida Bee* pending appeal—was improper. Under the circumstances presented, we agree that Global Hookah should have been allowed to have its similar claim adjudicated on the merits. The refusal to adjudicate Global Hookah's claim amounts to a denial of due process because it precludes Global Hookah from potentially prevailing on a valid theory of liability upon which a similarly-situated litigant (Florida Bee) prevailed. To the extent that Global Hookah can show injury arising from the application of an agency policy to its operations, enforced via an invalid agency rule, it should be entitled to do so. We therefore reverse and remand with directions that Global Hookah's claim based on that in *Florida Bee* be reinstated.

REVERSED and REMANDED.

LEWIS, MAKAR, and OSTERHAUS, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

Gerald J. Donnini, II, Jospeh C. Moffa, and James F. McAuley of Moffa, Sutton, & Donnini, P.A., Fort Lauderdale, for Appellant.

Pamela Jo Bondi, Attorney General, and Elizabeth Teegen, Assistant Attorney General, Tallahassee, for Appellee.